**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY DAHIR GALEA-BRICENO, | ) ) ) | |
| Petitioner, | ) ) | |
| -vs- | ) ) | NO. CIV-26-0652-HE |
| WARDEN DR. SCARLET GRANT, et al.,[1] | ) ) ) ) | |
| Respondents. | | |

**ORDER**

Petitioner Anthony Dahir Galea-Briceno, a native and citizen of Venezuela, was arrested and detained by United States Immigration and Customs Enforcement (ICE) officers on February 11, 2026. He is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

On March 30, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming his detention, without prior notice and a bond hearing, violates his due process rights under the Fifth Amendment. The petition requests petitioner's release from custody, or alternatively, a custody redetermination hearing. As directed, the federal respondents filed a response to the petition, asserting petitioner is subject to mandatory detention under 8 U.S.C.§ 1225(b)(1)(A)(i), because he is an

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Todd Blanche, in his official capacity as acting Attorney General of the United States, is substituted as respondent for Pamela Bondi, in her official capacity as Attorney General of the United States.*

"arriving alien" who lacked the necessary travel documents.  No reply has been filed by petitioner within the time permitted by the court.

According to the petition and record evidence, petitioner was encountered by U.S. Department of Homeland Security (DHS) on September 6, 2022.  The next day, he was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A).  The parole was to expire on November 8, 2022.

On October 12, 2022, DHS commenced "Section 240" removal proceedings against petitioner through issuance of a notice to appear, designating petitioner as an "arriving alien" and charging him as subject to removal under section 212(a)(7)(A)(i)(I) of the INA, codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who "is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by [the Immigration and Nationality Act (INA)]" and a "valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General[.]" [Doc. #1-2, ECF p. 4].  Thereafter, petitioner filed an application for asylum.

On October 18, 2024, petitioner applied for temporary protected status, which was granted.  The temporary protected status was valid from December 16, 2024 to April 2, 2025.  On April 1, 2025, petitioner filed another application for temporary protected status. The application appears to have been granted, but according to the record, petitioner's temporary protected status was terminated as of November 20, 2025.

The record indicates that on February 11, 2026, petitioner was arrested, pursuant to a warrant, while reporting in at the ICE Oklahoma City office. A hearing on petitioner's asylum application is currently scheduled for May 12, 2026.

Upon review, the court concludes the habeas petition should be granted in part. Initially, the court concludes that the petition should be deemed amended to allege petitioner's mandatory detention under 8 U.S.C. § 1225(b)(1)(A)(i) is in violation of the INA and to request an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *See* Rule 1(b), Rules Governing Section 2254 Cases (Rules may be applied to habeas corpus petitions arising under § 2241); Rule 12, Rules Governing Section 2254 Cases (Federal Rules of Civil Procedure may be applied to a habeas corpus proceeding); Fed. R. Civ. P. 15(a)(2) (Party may amend its pleading with court's leave and "court should freely give leave when justice so requires.").

Turning to the merits of the INA claim, the court concludes that petitioner is not an arriving alien who is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A)(i). The "Arriving Aliens Provision" of § 1225(b)(1) subjects an alien "who is inadmissible due to lack of entry documents or fraud or willful misrepresentation on an admission application *and* 'who is arriving in the United States'" to expedited removal proceedings. Rodriguez-Acurio v. Almodovar, 811 F. Supp. 3d 274, 305 (E.D.N.Y. 2025) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)) (emphasis in original). The INA does not define the term "arriving." Given its plain meaning, "'arriving' . . . "refer[s] to a process that occurs upon physical entry into the United States, 'not an interminable . . . status' that attaches to a noncitizen upon arrival." Rodriguez-Acurio, 811 F. Supp. 3d at 306 (quoting Coalition for

Humane Immigrant Rights v. Noem, 805 F. Supp. 3d 48, 90 (D.D.C. 2025)).  "Therefore, an 'arriving alien' is one who is in the process of reaching the United States." Rodriguez-Acurio, 811 F. Supp. 3d at 306.  Here, petitioner was not in the process of reaching the United States when he was arrested in February 2026.  He had been residing in the United States for over three years.  Consequently, he cannot be classified as an alien "who is arriving in the United States" and therefore subject to expedited removal proceedings. *Id*. at 307 (petitioner not in the process of arriving in the United States when she entered the United States more than four years prior to her arrest).  Therefore, petitioner does not fall within the "Arriving Aliens Provision."

Despite respondents' arguments, the court agrees with the Rodriguez-Acurio court that neither the language of § 1182(d)(5)(A), nor the "entry fiction" described in Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020) supports a conclusion that a noncitizen, like petitioner, is subject to mandatory detention under § 1225(b)(1)(B)(i).  Rodriguez-Acurio, 811 F. Supp. 3d at 302-303, 306-308.  While humanitarian parole is not "admission" into the United States and a noncitizen is deemed an applicant for admission once parole is terminated or expired, § 1182(d)(5)(A) "does not say that parolees 'return, upon the termination or expiration of their parole, to the position of an applicant for admission standing at the threshold of entry.'. . . Nor does it say that they are 'restored to the status that [they] had at the time of parole.'" Rodriguez-Acurio, 811 F. Supp. 3d at 302 (quoting Coalition for Humane Immigrant Rights, 805 F. Supp. 3d at 85).  The court agrees with the Rodriguez-Acurio court that being treated like any other applicant for admission as discussed in § 1182(d)(5)(A) means "that rather than reverting

4

to any prior status, a noncitizen whose parole has [terminated] or expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." Rodriguez-Acurio, 811 F. Supp. 3d at 302 (citation omitted). And the return-to-custody phrase "may permit [petitioner] to be returned to ICE custody, but [his] case, which necessarily includes the procedures required before detention, 'shall continue to be dealt with in the same manner as that of any other applicant for admission . . . and 'any other applicant residing in the United States for more than three years would be detained under § 1226.'" Rodriguez-Acurio, 811 F. Supp. 3d at 303.

Therefore, the court concludes that § 1226(a), rather than § 1225(b)(1)(B)(i), governs petitioner's detention, and thus, he is entitled to an individualized bond hearing.[2] The court will therefore grant the habeas corpus petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

---

[2] *In its response, the government has not asserted that petitioner is an alien "described in clause (iii)" of § 1225(b)(1)(A) or that he is subject to any other mandatory detention provision. Therefore, the court need not address it.*

[3] *In light of its ruling that § 1226(a) governs petitioner's detention, the court need not decide the merits of petitioner's Fifth Amendment due process claims.*

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 30th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE